UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 23-0986 ODW (PVC)                              Date: August 9, 2023

Title   Robert Stanley Woods, v. Giselle Matteson, Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:   Attorneys Present for Respondent:
None                                None

**PROCEEDINGS: [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED BECAUSE IT FAILS TO ALLEGE A COGNIZABLE FEDERAL CLAIM**

On May 21, 2023, Petitioner, a California state prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254 in the Eastern District of California. ("Petition," Dkt. No. 1 at 15).[1] On June 7, 2023, the case was transferred to the Central District of California. (Dkt. No. 4).[2] The Petition raises a single ground for relief: the state court's failure to resentence Petitioner based on Veterans Bill AB865 violated the Eighth Amendment and Equal Protection. (*Id.* at 16, 19). However, it

---

[1] Under the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed[,]" which in this case was May 21, 2023. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988). For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

[2] Giselle Matteson, Warden at California State Prison Solano (SOL), where Petitioner is currently incarcerated, is substituted for the Respondent identified only as "S.C. (People)" in the Petition. *See* Fed. R. Civ. P. 25(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 23-0986 ODW (PVC)                                Date:  August 9, 2023

Title   Robert Stanley Woods, v. Giselle Matteson, Warden

appears that Petitioner's claim is subject to dismissal as noncognizable under federal habeas review.

### **Noncognizable Federal Claim**

The alleged Eighth Amendment and Equal Protection violations are premised on the state court's interpretation and application of California Penal Code (P.C.) § 1170.91. "Section 1170.91, which became effective January 1, 2015, requires sentencing courts in California to consider any trauma, substance abuse, or mental health problems caused by a defendant's service in the United States military as mitigating factors favoring a low-term sentence." *Devon v. State of California Superior - Supreme Ct.*, No. CV 21-6810, 2022 WL 4390455, at *3 (C.D. Cal. Aug. 15, 2022), *report and recommendation adopted sub nom. Devon v. Superior - Supreme Ct.*, No. CV 21-6810, 2022 WL 4381012 (C.D. Cal. Sept. 21, 2022).  California Assembly Bill 865, effective January 1, 2019, amended § 1170.91 to allow defendants sentenced before 2015 to file a petition for a resentencing hearing, in which the sentencing court is to take such mitigating factors into account. Cal. Penal Code § 1170.91(b)(1); *see People v. Bonilla-Bray*, 49 Cal. App. 5th 234, 237–38 (2020).

Petitioner filed a petition for resentencing under P.C. § 1170.91 over 45 years after his sentencing.  (Pet. at 1, 17).  The Superior Court, California Court of Appeal, and California Supreme Court all denied his petitions.  (*Id.* at 17).

A petitioner may seek federal habeas relief from a state court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *accord Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam).  Matters relating solely to the interpretation or application of state law generally are not cognizable on federal habeas review.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (quoting *Estelle v. McGuire*, 502 U.S. 62,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 23-0986 ODW (PVC)                                         Date:  August 9, 2023

Title      Robert Stanley Woods, v. Giselle Matteson, Warden

67–68 (1991)); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A]lleged errors in the application of state law are not cognizable in federal habeas corpus [proceedings].").  Thus, to raise a cognizable claim based on a purported state sentencing error, a petitioner must demonstrate that the error was "so arbitrary or capricious as to constitute an independent due process … violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (question of whether prior conviction was serious felony within meaning of state statutes does not raise federal question).  Nor may a habeas petitioner "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

   Here, the Petition fails to raise a cognizable federal claim.  Whether he is entitled to resentencing under P.C. § 1170.92 is solely a question of state law and does not implicate any federal constitutional right.  *See, e.g.*, *Devon*, 2022 WL 4390455, at *3 ("The Petition does not invoke any federal basis for the resentencing arguments and does not show that any fundamental unfairness occurred based on the state court's denial of resentencing."); *Patton v. Asuncion*, No. CV 17-0018, 2020 WL 2341356, *9 (C.D. Cal. Jan. 10, 2020) (finding claim for resentencing under Cal. Penal Code § 1170.91 not cognizable on federal habeas review), *report and recommendation accepted by* 2020 WL 915883 (C.D. Cal. Feb 24, 2020); *Nichols v. Pfeiffer*, No. CV 19-6356, 2019 WL 4014429, at *7 (C.D. Cal. Aug. 26, 2019) (finding resentencing claim predicated on § 1170(d)(1) not cognizable on federal habeas review); *Housh v. Rackley*, No. CV 17-04222, 2019 WL 1117530, at *2 (N.D. Cal. Mar. 11, 2019) (denying request for recall of sentencing enhancements under § 1170(d)(1) "[b]ecause federal habeas relief is only available for a violation of the Constitution or laws or treaties of the United States") (citation omitted); *see also Miller*, 868 F.2d at 1118–19 (rejecting as noncognizable a federal habeas petitioner's claim challenging application of sentence enhancement).  While Petitioner vaguely and summarily contends that the state courts' denials of his resentencing petitions violated the Eighth Amendment and Equal Protection, he offers *no factual basis* to attribute any error to the state courts, let alone an error that is "so arbitrary or capricious as to constitute an independent due process" violation.  *Richmond*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   SACV 23-0986 ODW (PVC)                                      Date:  August 9, 2023

Title        Robert Stanley Woods, v. Giselle Matteson, Warden

*v. Lewis*, 506 U.S. 40, 50 (1992); *see Langford*, 110 F.3d at 1389 (merely asserting a constitutional violation does not "transform a state-law issue into a federal one"). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

### Conclusion and Order

Petitioner is **ORDERED TO SHOW CAUSE, <u>within 21 days</u>** of the date of this Order, why this action should not be dismissed for failure to state a cognizable federal habeas claim. After the Court receives a response to the OSC, the Court may prepare a Report and Recommendation for submission to the District Judge. This Order is not dispositive of Petitioner's claim.

**Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  <u>A Notice of Dismissal form is attached for Petitioner's convenience</u>.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that the failure to timely file a response to this Order will provide a ground for a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**  The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |